IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL S. GUZMAN, ) | No. C 12-5341 LHK (PR) |
| ) | |
| Petitioner, ) | ORDER VACATING |
| ) | JUDGMENT; RE-OPENING |
| v. ) | CASE; ORDER OF DISMISSAL |
| ) | |
| WARDEN FRANCISCO JACQUEZ, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On October 16, 2012, Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his gang validation and resulting indeterminate term in the Secured Housing Unit ("SHU"). That same day, the Court directed Petitioner to file either a completed motion for leave to proceed in forma pauperis, or pay the $ 5.00 filing fee. On November 30, 3012, after having heard nothing from Petitioner, the Court ordered the case dismissed without prejudice. On December 12, 2012, Petitioner filed a motion to re-open, alleging that he never received the Clerk's Notice with further instructions. On January 3, 2013, the Court ordered Petitioner again to file either a completed motion for leave to proceed in forma pauperis, or pay the $5.00 filing fee. On February 15, 2013, Petitioner paid the $ 5.00 filing fee. Accordingly, the Court vacates the judgment, and re-opens this action. However, for the reasons that follow, the Court dismisses the case.

**BACKGROUND**

Petitioner challenges the 2010 decision to validate him as an associate of the Mexican

Mafia prison gang, and place him in the SHU for an indeterminate term.  On December 15, 2011, the Superior Court for the County of Del Norte denied Petitioner's state habeas petition.  On January 27, 2012, the California Court of Appeal denied Petitioner's state habeas petition.  On September 26, 2012, the California Supreme Court denied Petitioner's state habeas petition.  The instant federal petition was filed on October 16, 2012.

## DISCUSSION

### A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### B.   Petitioner's Claims

Petitioner alleges that: (1) there was insufficient evidence to validate him as a gang associate; (2) prison officials have a policy of placing inmates in the SHU based only on allegations rather than misconduct; and (3) the regulations concerning gang validation are vague and overbroad, and violate his right to free speech.  Petitioner seeks expungement of the gang validation, release from the SHU, reversal of the policy of placing inmates in the SHU based on "mere gang affiliation," and a promulgation of clear regulations regarding the definition of "gang activity."

Petitioner's claims are not cognizable in federal habeas corpus.  "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quotation and citation omitted).  "An inmate's challenge to the circumstances of his

confinement, however, may be brought under § 1983." *Id.*

Where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

In this action, Petitioner challenges prison officials' decision to validate him as a gang affiliate and place him in the SHU. The petition does not attempt to challenge either the fact of his conviction or the length of his sentence. Rather, it goes entirely to the conditions of his confinement, and success in this action would not result in his release from prison nor shorten his stay in prison. Petitioner's claims must be pursued in a civil rights action.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee rather than the $5.00 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a matter of using different pleading forms. A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his claims, (2) the Court may be able to make credibility determinations based on the written submissions of the parties in a

habeas action, (3) state court (rather than administrative) remedies must be exhausted for the claims in a habeas action, (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the desired relief when the prisoner is complaining about a condition of confinement, and (5) damages cannot be awarded in a habeas action.  It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, would be defective at the outset and require additional Court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.  For these reasons, Petitioner might not seek to have the instant action treated as a § 1983 case.

## CONCLUSION

For the foregoing reasons, Petitioner's petition is DISMISSED without prejudice to Petitioner filing a civil rights action under 42 U.S.C. § 1983 preferably using the Court's civil rights complaint form, attached to this order.

IT IS SO ORDERED.

DATED: __4/3/13__

_____
LUCY H. KOH
United States District Judge

Order Vacating Judgment; Re-Opening Case; Order of Dismissal
G:\PRO-SE\SJ.LHK\HC.12\Guzman341reodis.wpd       4